IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               Case No. 22-CR-582 JCH

JASON SMELTZER,

        Defendant.

## SENTENCE MEMORANDUM

Jason Smeltzer, by and through his undersigned counsel, Dennis J. Candelaria, respectfully submits this sentencing memorandum. Mr. Smeltzer requests that this Court sentence him to 18 months, a sentence that is better reflective of the man that is before the Court.

I.      Background

On March 22, 2023, Mr. Smeltzer pleaded guilty to a five-count indictment charging him with bank robbery in violation of 18 U.S.C. Section 2113(a).

II.      Argument

A court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniformed and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes

mitigate, sometime magnify, the crime and the punishment to ensue." *Koons v. United States*, 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal court is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011). A sentencing court should "engage in a holistic inquiry of the Section 3553(a) factors. *United States v. Barnes*, 890 F. 3d 910, 916 (10th Cir. 2018).

In the present case, less time is necessary to accomplish the purposes of sentencing. *See United States v. Cull*, 446 F. Supp. 2d 961 (E.D. Wis. 2006) (finding a variance appropriate where a defendant "had never been confined before, so this period was sufficient to impress upon him the seriousness of the offense and to deter others under similar circumstances"). Given the absence of any criminal history, a sentence of 18 months is sufficient to satisfy the purposes and accomplish the statutory goals of deterrence and punishment.

Presently, with a total offense level of 20 and a criminal history category of I, the guideline imprisonment range is 33 to 41 months.[1] The absence of prior custodial sentence weighs in favor of a sentence below the guideline range and increases substantially the deterrent effect of a sentence. As one court stated, "a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration." *United States v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005). In

---

[1] Defense counsel is aware of the proposed amendment to the guideline set forth at § 4C1.1, Adjustment for certain Zero-Point Offenders, that will not go into effect until November 1, 2023. If adopted by congress, the amendment will provide a decrease of 2 levels from the total offense level. Subsequent to a variance as outlined in the PSR (See ⁋ 127), Mr. Smeltzer would receive an additional 2 level reduction. His total offense level would be 18 and with a criminal history category I, his guideline range would be 27 to 33 months.

the present case, less time is necessary to accomplish the purposes of sentencing. *See United States v. Cull*, 446 F. Supp. 2d 961 (E.D. Wis. 2006) (finding a variance appropriate where a defendant "had never been confined before, so this period was sufficient to impress upon him the seriousness of the offense and to deter others under similar circumstances"). Given the absence of any criminal history, a sentence of 18 months is sufficient to satisfy the purposes and accomplish the statutory goals of deterrence and punishment.

Mr. Smeltzer has one juvenile adjudication in 1999 for commercial burglary. He was given a 6-month consent decree that he completed successfully. He has one prior arrest in 2003 for driving while intoxicated that was dismissed. For the next 20 years, Mr. Smeltzer had been a law-abiding citizen until life's events changed the course of his direction.

III. Jason Smeltzer

Soon after Mr. Smeltzer was born, his father walked out the front door never returned. Mr. Smelter never knew his father. However, he did question what kind of man would walk out on his wife and newborn son. He never had a full-time father figure to help raise him. Without any siblings, it was only his mom who worked two jobs to pay the mortgage and the bills. Mr. Smeltzer and his mom had the help of extended family to help raise him. His grandmother, his aunts, and his uncles helped with the care and custody of Mr. Smeltzer. He spent summers in Chicago where he had the most father figures in his life if even for just a few months.

Despite Mr. Smeltzer's childhood, he describes growing up as "pretty uneventful."

His extended family served in the military, so it was fitting for him to follow in their footsteps. From elementary through high school, Mr. Smeltzer engaged in extracurricular activities such as the Civil Air Patrol, JROTC and ROTC.

Mr. Smeltzer dropped out of high school during his sophomore year. However, he was smart enough to know that the needed to get his high school diploma, so he continued with his education at the Technical Vocational Institute. After graduation he enrolled in ITT Technical Institute where he obtained both his associate's and bachelor's degrees in criminal justice. This Court can look at the PSR and see that Mr. Smeltzer has always been involved in his community with the idea of making it a better place to live. (See PSR ¶ 102-He is an anesthesia technician, certified first responder, certified life support advanced CPR, and participated in both the FBI program for cyber security as well as an Albuquerque Police Department confidential informant after the death of his friend.) [2]

Mr. Smeltzer's was able to use his education to better his life. In 2008, he landed a good steady job working with the Social Security Administration. His life was stable. He was working 40 hours a week and earning a decent living. Two years later he remarried. His marriage was fulfilling for 8 years. In 2016, his world would start to unravel. He quit working to quiet his home life as his wife stopped taking care of herself. She quit working. She was diagnosed as bi-polar and as a result, she checked out of taking care of herself, her son, and her family. Mr. Smeltzer was unemployed for a couple of years until

---

[2] See attachments for school and programs by Mr. Smeltzer.

he was able to get his life back on track. He worked for Grubhub delivering food and eventually found his way back to work at the Social Security Administration working two jobs. He worked remotely at SSA as the entire world was dealing with the COVID-19 pandemic. Mr. Smeltzer was eventually laid off due to the pandemic. In December 2021, Mr. Smeltzer dislocated his knee. This was the same knee that Mr. Smeltzer injured during basic training and was medically discharged. He was prescribed ibuprofen to aid with his pain. Mr. Smeltzer had a friend who gave him fentanyl to help with pain management. It didn't take long. Mr. Smeltzer was addicted. Fentanyl took total control of his life. His drug use continued until he was arrested for the present case. Since his arrest and his detention, he has been sober. He can see the mistakes, the pain that he has caused, and the choices that have landed him in the criminal justice system.

Despite his current situation, there is so much hope for Mr. Smeltzer. Mr. Smeltzer knows that he will spend time for committing his crimes. Of course, the question is how much time is sufficient but not greater than necessary? Paragraph 127 of the PSR outlines 10 requirements that are necessary for this Court to consider a variance of 2 levels. Apart from the other 9 requirements, Mr. Smeltzer had to have committed these offenses without the use of violence or credible threats of violence in connection with this offense. (See PSR ¶ 127). Mr. Smeltzer committed each of these bank robberies by passing a note and requesting the teller to "please" place money in an envelope. In many ways, Mr. Smeltzer is the typical bank robber. He is robbing a bank to buy drugs for his addiction. However, unlike the typical bank robber, we can look past his actions and see an individual that never intended to harm anyone. Mr. Smeltzer needs rehabilitation and will

5

eventually be placed on Supervised Release for 3 years. Given the characteristics of Mr. Smeltzer, he will succeed given guidance and treatment. Eighteen months is a sentence that sufficient but not greater than necessary to accomplish the goals of sentencing.

      WHEREFORE, for the foregoing reasons, Mr. Smeltzer respectfully requests that this Court sentence Mr. Smeltzer to 18 months.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed May 24, 2023*
/s/ Dennis J Candelaria
Assistant Federal Public Defender